IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY KUDINGO,

                Petitioner,

v.

LANCE WIERSMA,

                Respondent.

OPINION and ORDER

22-cv-660-wmc[1]

---

Petitioner Anthony Kudingo, currently in Dane County Jail, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Kudingo's extended supervision was revoked on November 3, 2022, in Dane County Circuit Court Case No. 2009CF498 and he was reincarcerated for 18 months. He challenges the denial of his request for nine months of sentence credit. Dkt. 1-5 at 2. Kudingo has paid the five-dollar filing fee, making the petition ripe for screening under Rule 4 of the Rules Governing Section 2254 Cases. I will dismiss Kudingo's petition without prejudice.

Before seeking a writ of habeas corpus in federal court, Kudingo must first exhaust any remedies that are available to him in state court, including any appeals. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To exhaust his state remedies, Kudingo must fairly present his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1).

---

[1] I am exercising jurisdiction over this case for purposes of this order only.

As the state's publicly available court records confirm, Kudingo has not done this.[2] The Division of Hearings and Appeals (DHA) revoked his extended supervision and denied his request for sentence credit just over a month ago. When an offender disputes the amount of credit set forth in a revocation order and has exhausted his administrative remedies, he must file a petition for a writ of certiorari in the circuit court challenging the revocation order itself. *See State ex rel. Cramer v. Wisconsin Ct. App.*, 2000 WI 86, ¶ 28, 236 Wis. 2d 473, 613 N.W.2d 591. Kudingo filed a motion for sentence credit under Wis. Stat. § 973.155 in the circuit court before he was revoked. *See State v. Kudingo*, Dane County Circuit Court Case No. 2009CF498. He has also filed a pending petition for review of the Wisconsin Court of Appeals' denial of his petition for a writ of habeas corpus, which does not appear to concern sentence credit. *See Kudingo v. Barrett*, Appeal No. 2022AP736-W. Regardless, Kudingo does not allege that he has pursued his administrative remedies through the DHA or challenged the DHA's revocation decision by filing a petition for a writ in the circuit court. A petitioner "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Because Kudingo has not yet exhausted his state court remedies, his petition is premature, and I will dismiss it without prejudice.

If Kudingo decides to renew this petition at a later date, he should be aware that § 2254 does not provide relief for violations of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991). An error in the interpretation of state sentencing rules generally does not present a cognizable claim for habeas relief. *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002); *Weiss v. Bartow*,

---

[2] *See* Wisconsin Circuit Court Access, https://wcca.wicourts.gov/ and Wisconsin Supreme Court and Court of Appeals Access, https://wscca.wicourts.gov/.

No. 17-C-874, 2018 WL 2208318, at *3 (E.D. Wis. May 12, 2018) (holding that a claim for sentence credit under Wis. Stat. § 973.155 "is a claim arising from state, not federal, law").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). For the reasons stated, no reasonable jurist would debate the decision that Kudingo has not yet exhausted his state court remedies. No certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Petitioner Anthony Kudingo's petition for a writ of habeas corpus, Dkt. 1, is DISMISSED without prejudice for his failure to exhaust his state court remedies.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

3. The clerk of court is directed to enter judgment for respondent and close this case.

Entered December 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge